RECEIVED

OCT 29 2015

CAROL ANNE HARLEY
CLERK OF THE COURT
NINTH COURT OF APPEALS

IN THE TEXAS
COURT OF CRIMINAL APPEALS

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 09 2015

Abel Acosta, Clerk

MICHAEL WAYNE HANCOCK,
      Petitioner,

VS.

No. _____

THE STATE OF TEXAS,
      Respondent,

---

# PETITION FOR DISCRETIONARY REVIEW

---

Michael Wayne Hancock
TDCJ ID No. 01721250
Connally Unit
899 FM 632
Kenedy, Texas 78119

PETITION IS PROCEEDING PRO SE

PETITION REQUEST ORAL ARGUMENT

# TABLE OF CONTENTS

Index of Authorities                          4

Statement Regarding Oral Argument             5

Statement of the Case                         5

Statement of Procedural History             5-6

Grounds for Review                            6

Argument                                     7-12

1. A nunc pro tunc statute has never limited an appellant's right to nunc pro tunc judgment.

   A. Trial court errored in entering the nunc pro tunc order without affording Petitioner an opportunity to be present for the hearing, represented by counsel / Proceed pro se, in order to afford him due process of law.

2. Trial court did not have authority to prohibit Petitioner from appealing as a ground error, the court's entry of a nunc pro tunc judgment.

   A. The Ninth Court of Appeals in Beaumont, dismissed Petitioner's appeal of the nunc pro tunc judgment of the trial court for want of jurisdiction after concluding that Petitioner failed to file a timely notice of appeal.

2

B.     A nunc Pro tunc Judgment is an appealable order under Code of Criminal Procedure article 44.02, if appeal is timely filed.

3. The absence of Petitioner's thumbprint from the nunc Pro tunc Judgments, as required by Code of Criminal Procedure article 42.01 §1(23)(2014) was a clerical error not subject to harm analysis.

A.     Code of Criminal Procedure article 42.01, entitled "Judgments" requires that the Judgment Contain, among other things, Petitioner's thumbprint taken in accordance with article 38.33 of this code.

B.     The failure of a trial court to do something that is mandatory has been deemed a clerical error as opposed to an error of judicial reasoning.

Prayer for Relief          12

Certificate of Service       13

Certificate of Compliance    13

Appendix               14-15

3

# INDEX OF AUTHORITY

## Cases

In Re Hancock, 212 S.W. 3d 922 (Tex. App.-Fort Worth 2007)     8

In Re K.M.C., 2008 Tex. App. LEXIS 6007     12

In Re R.W.G., 2003 Tex. App. LEXIS 2653     12

Jones v. State, 775 S.W. 2d 199 (Tex. Crim. App. 1990)     8

Norton v. State, 434 S.W. 3d 767 (Tex. App. 2014)     11

## Statutes

Code of Criminal Procedure     42.01     3, 6, 10, 11, 12

Code of Criminal Procedure     38.33     3, 6, 10, 12

Code of Criminal Procedure     1.051(G)     7

Code of Criminal Procedure     44.02     3

## Rules

TRAP     33.1     11

TRAP     66.3 (a)(c)(d)(f)     5

TRCP     21a     7

TRCP     316     7

FRCP     60     7

4

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner believes oral argument would be helpful to the Court because the issues raised are issues of first impression and the Public Policy behind resolution of these issues could be better discussed in the context of oral argument, where the Court can ask questions and consider alternatives that Petitioner is Prepared to discuss.

## STATEMENT OF THE CASE

This case concerns a conviction for indecency with a child based on a Plea bargain that does not confirm to Texas law. TRAP 66.3 (a)(c)(d)(f). It also concerns the issue of whether a nunc Pro tunc statute has limited a right to nunc Pro tunc judgment and the issue of a thumbprint not affixed to the judgments nunc Pro tunc and the Purpose of a judgment nunc Pro tunc is to correctly reflect from the court's records the judgment the court actually rendered but for some reason did not enter at the Proper time.

## STATEMENT OF PROCEDURAL HISTORY

1.    Date of Original Judgment:    June 02, 2011

2.    Date of 1st Corrected Judgment:    June 12, 2014

3.    Date of 2nd Corrected Judgment:    June 23, 2014

4.    Date of Appeal:    July 18, 2014

5.    Dismissal of Appeal:    October 15, 2014

6.    Date of Motion for Relief (unanswered):    June 08, 2015

7. Date of Mandamus:          August 19, 2015

8. Date of opinion from Court of Appeals:   September 09, 2015

9. Date of Motion for Rehearing:     September 21, 2015

10. Date Motion for Rehearing Disposed:    October 02, 2015

## GROUNDS FOR REVIEW

1. Because the June 12, 2014 and June 23, 2014 Judgments nunc pro tunc, agreed to by Michelle Mangum-Merendino, as attorney for defendant, whom on May 13, 2013 in a certified letter, stated that her representation was concluded on the date of the plea's reflects a change to the attorney fees assessed, the 75th Judicial District Court of Liberty County rendered a new and independant order.

2. Since the Honorable Judge Mark Morefield of the 75th Judicial District Court of Liberty County did not have authority to refuse Petitioner's timely filed notice of appeal the entry of the June 23, 2014 Judgments nunc pro tunc order, vacation of said order would be strictly ministerial in nature.

3. Because the June 12, 2014 and June 23, 2014 Judgments nunc pro tunc do not contain Petitioner's right thumbprint, taken in accordance with Code of Criminal Procedure article 38.33, as required by article 42.01 § 1(23), Judgment shall be modified to include thumbprint.

## ARGUMENT

6

1.	A nunc pro tunc statute has never limited an appellant's right to nunc pro tunc judgment.

    A. Trial court errored in entering the nunc pro tunc order without affording Petitioner an opportunity to be present for the hearing, represented by Counsel / Proceed Pro se, in order to afford him due process of law.

    Rules of Civil Procedure. Rule 316 holds that clerical mistakes in the record of any Judgment may be corrected by the Judge in open court according to the truth or justice of the case after notice of the motion therefore has been given to the parties interested in such Judgment, as provided in Rule 21a, and thereafter the execution shall confirm to the Judgment as amended.
    As per Clifton V. Smith's (Court Reporter, 75th District Court) letters state:

1. August 10, 2015:	I do not have a transcript of Judgments nunc pro tunc.

2. August 21, 2015:	There was not a hearing held on the Judgments nunc pro tunc.

the trial court violated Texas Rules of Civil Procedure. Rule 316 and Federal Rules of Civil Procedure. Rule 60 by not correcting the clerical errors in open court.
    Rules of Civil Procedure. Rule 21a was violated when the trial court allowed Michelle Mangum-Merendino to agree to the corrected Judgments as "Attorney for Defendant" when on February 03, 2014, Petitioner notified the 75th Judicial District Court, via "Request To Proceed Pro Se/Waiver of Right To Counsel Pursuant to Article 1.051(G) T.C.C.P." which was included with "Motion For Corrected Judgment, and Petitioner provided a copy of Michelle Mangum-Merendino's May 13, 2013 Letter, where she states:
    Dear Mr. Hancock: As you are aware, my

7

representation of You was concluded on the date of Your Plea..... and I will not have any additional communication with you which might be construed as further representation.... I will not open your letters, nor will I advise You on your legal matters....

and by not notifying Petitioner, until the corrected Judgments, on June 27, 2014.

As reflected in In Re Hancock, 212 S.W. 3d 922 (Tex. App. - Fort Worth 2007) the Purpose of a Judgment nunc Pro tunc is to correctly reflect from the court's records the Judgment actually rendered but for some reason did not enter at the proper time.

Trial transcripts reflect that on June 02, 2011, during the Plea colloquy the following admonishments were made:

Mr. Warren: He's to pay court costs to be determined by the clerk's office and attorney fees that are yet to be determined in this case.

THE COURT: It is further the order of the court the State do have and recover of and from You all costs of court incurred in these Criminal Prosecutions for which execution of the Process shall issue.

THE COURT: You are admonished that your inmate trust fund account once established can be debited to pay the costs and admonishments that have been assessed against you.

Judgment may be "entered" nunc Pro tunc if it was in fact "rendered", but not recorded at an earlier time; but Judgment may not be "rendered" nunc Pro tunc under any circumstances; rendition of Judgment is the event which "entry" of Judgment records. Jones v. State, 795 S.W. 2d 199 (Tex. Crim. App. 1990).

It is not the Purpose of a nunc Pro tunc order to make, nor does it have the legal effect of making a new and an independent order and entering that new order of

8

record as to a transaction having occurred at a prior date. Thus, a nunc pro tunc entry may be made to correct a judgment to properly reflect the actual order, but may not be used to modify or add additional provisions to an order previously entered.

To better understand case law on this subject, one must first appreciate certain semantic conventions, such as the relationship between "rendition" and "entry" of judgment. Briefly stated, the former is an event the latter records.

The June 23, 2014 reduction of the assessed attorney fees is a judicial error, in that it changed the original June 02, 2011 judgment, not a clerical error, which renders the June 23, 2014 nunc pro tunc order void.

2.     Trial Court did not have authority to prohibit Petitioner from appealing, as a Ground error, the courts entry of the nunc pro tunc entry.

   A.   The Ninth District Court of Appeals in Beaumont, dismissed Petitioner's appeal of the nunc pro tunc judgment of the trial court for want of jurisdiction after concluding that Petitioner failed to file a timely notice of appeal.

On June 12, 2014, the 75th Judicial District Court in Liberty County, without permitting Petitioner the opportunity to be present for the hearing, entered a nunc pro tunc order, agreed to by Michelle Mangum-Merendino, as 'Attorney for Defendant', in which the assessed attorney fees were reduced, yet the incorrect penal code, as listed in the original judgment, went uncorrected.

On June 23, 2014, the 75th Judicial District Court in Liberty County, without affording Petitioner the opportunity to be present for the hearing, entered a nunc pro tunc order, agreed to by Michelle Mangum-Merendino, as 'Attorney

9

for Defendant; in which the assessed attorney fees were reduced and the incorrect Penal code, as listed in the original judgment was corrected.

       B.    A nunc Pro tunc judgment is an appealable order under Code of Criminal Procedure article 44.02 if the appeal is timely filed.

On July 18, 2014, Petitioner mailed to the Liberty County District Clerk, his notice of appeal to the June 23, 2014, judgment nunc Pro tunc.

On July 25, 2014, the Honorable Judge Mark Morefield ruled, "request for court-appointed counsel is denied".

On August 1, 2014, the Honorable Judge Mark Morefield ruled, "no appellate issue exists at this time and court declines to appoint counsel until such time as appellate issue exists."

Petitioner then filed a "notice of appeal to the June 23, 2014, judgment nunc Pro tunc" with the Ninth District Court of Appeals in Beaumont, to which was dismissed for of Jurisdiction on October 15, 2014.

3.    The absence of Petitioner's thumbprint, from the June 23, 2014 Judgment nunc Pro tunc, as required by Code of Criminal Procedure article 42.01 § 1 (23) (2014) was a clerical error not subject to harm analysis.

    A.    Code of Criminal Procedure article 42.01, entitled "Judgment" requires that the judgment contain, among other things, the defendant's thumbprint taken in accordance with article 38.33 of this code.

This case involves the failure of a trial court to do something that is mandatory and has been deemed a clerical error as opposed to an error of judicial reasoning.

Since under Texas statutory laws, if Code of Criminal

10

Procedure is violated, the only question is:

Does the June 12, 2014 and June 23, 2014 Judgments nunc pro tunc comply with C.C.P. article 42.01?

No. Petitioner's right thumbprint appears on the June 02, 2011 Judgment of conviction; but it does not appear on the June 12, 2014 nor on the June 23, 2014 Judgments nunc pro tunc.

Petitioner's June 30, 2014 letters to: trial counsel - Michelle Mangum-Merendino, Liberty County District Attorney - Mr. Logan Pickett, Honorable Judge Mark Morefield; fully complies with Rules of Appellate Procedures. Rule 33.1, in that Petitioner objects to the State's Motion To Enter Judgments Nunc Pro Tunc. Errors listed, specifically "#3. No Right Thumbprint"; clearly conveys the particular complaint that informs the trial court exactly what is expected, why Petitioner is entitled to relief, and done so that the court understands what is wanted.

Petitioner has conducted many hours of research into this issue, which has led to the discovery of key cases that further proves that when the trial court entered the judgments nunc pro tunc, without affording him an opportunity to be present for the hearing, which denied him an opportunity to raise objections, in open court and allow him to affix his right thumbprint to the corrected Judgments, the court "AGAIN" committed clerical errors that is not subject to harm analysis.

Norton v. State, 434 S.W. 3d 767 (Tex. App. 2014) reflects that Norton's direct appeal complains that the Judgment does not contain her right thumbprint. Her thumbprint appears in the 2007 Judgment ordering deferred adjudication community supervision, the 2007 order of terms and conditions of community supervision, the 2010 Judgment adjudicating guilt, and the 2010 order imposing terms and conditions. But it does not appear on the Judgment revoking community supervision. Norton asked that the Judgment be corrected to include her thumbprint. The State opposed relief and asserted that the failure of the Judgment to include Norton's thumbprint was harmless error. The

11

Court of Appeals sustained Norton's issue and ordered the trial court to modify the judgment to include her thumbprint taken in accordance with article 38.33 Code of Criminal Procedure.

In Re K.M.C., 2008 Tex. APP. LEXIS 6007, the Tenth Court of Appeals addressed a juvenile's appeal from an adjudication order, which was required to have juvenile's thumbprint affixed or attached. The Tenth Court of Appeals held that the omission of the juvenile's thumbprint was a clerical error that should be remedied by a modified judgment.

In Re R.W.G., 2003 Tex. APP. LEXIS 2653, Counsel raised on appeals thumbprint was not affixed to the judgment, and the omission of the thumbprint was not a result of error in judicial reasoning. The appellate court ordered modification of the judgment to include thumbprint.


## PRAYER FOR RELIEF

This Petition should be granted.

The June 12, 2014 and June 23, 2014 judgments nunc pro tunc which do not reflect Petitioner's thumbprint, taken in accordance with article 38.33 Code of Criminal Procedure as required by article 42.01 §1(23), and the judgments should be modified to include his thumbprint.

Trial court did not have authority to prohibit Petitioner from appealing, as a ground error, the court's entry of a nunc pro tunc judgment and Petitioner should be granted an out of time appeal and appointed appellate counsel.

The error of entering the nunc pro tunc orders, without affording Petitioner an opportunity to be present for the hearings, represented by counsel / proceed pro se, in order to afford him due process of law, should be condemned and Petitioner should be bench warranted for a hearing for corrected judgment.

Petitioner also requests such other and further relief as is just.

12

RESPECTFULLY SUBMITTED:

_____

Michael Wayne Hancock
TDCJ No. 01721250
Connally Unit
899 FM 632
Kenedy, Texas 78119

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2015, a copy of the foregoing Petition for Discretionary Review was served on the following by placement in the Texas Department of Criminal Justice - Institutional Division at the Connally Unit mailbox:

Carol Ann Harley
Clerk of the Court
Ninth District Court of Appeals
1001 Pearl Street, Suite 330
Beaumont, Texas 77701

_____

Michael Wayne Hancock

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Petition confirms to the requirements of TRAP 68.

_____

Michael Wayne Hancock

13

IN THE TEXAS
COURT OF CRIMINAL APPEALS

MICHAEL WAYNE HANCOCK,
        Petitioner,

VS.                                    No. _____

THE STATE OF TEXAS,
        Respondent,

_____

APPENDIX - PETITION FOR DISCRETIONARY REVIEW

_____

INDEX:

1        May 13, 2013 - letter from Michelle Mangum- Merendino

2-10     June 12, 2014 - Judgment Nunc Pro Tunc - CR28749

11-20    June 23, 2014 - Judgment Nunc Pro Tunc- CR28749

21-29    June 23, 2014 - Judgment Nunc Pro Tunc- CR28750

30-39    June 30, 2014 - letters to trial counsel- Michelle Mangum-
         Merendino, Clerk of the Court for the Ninth District Court
         of Appeals, Liberty County District Attorney and Honorable
         Judge Mark Morefield

40-42    July 18, 2014 - Notice of Appeal

43       August 10, 2015 - letter from Clifton V. Smith

44       August 21, 2015 - letter from Clifton V. Smith

14

Due to institutional lockdown of the Connally Unit at time this PDR is to be filed with this Court, Petitioner is unable to obtain the required copies of documents and respectfully requesting permission to waive the filing of this index with the attached Petition. All documents are obtainable through appropriate Court Clerks.

15